UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 1:09-CR-144 |
| v. ) | |
| ) | Collier/Carter |
| DONALD FILLERS, *et al*. ) | |

**MEMORANDUM & ORDER**

Before the Court is Defendant Watkins Street Project ("Defendant")'s motion to admit an excerpt of grand jury testimony given by witness Halbert Warden as substantive evidence and have that excerpt submitted as an exhibit to the jury (Court File No. 358). The government opposes the motion (Court File No. 359), and Defendant replied to the government's response (Court File No. 360). For the reasons discussed below, the Court will **GRANT IN PART** and **DENY IN PART** Defendant's motion.

**I.    BACKGROUND & LEGAL STANDARD**

**A.    Background**

This ruling comes in the midst of an ongoing criminal trial involving five Defendants charged with conspiracy to defraud the United States and violate the Clean Air Act, 18 U.S.C. § 371, and with other regulatory offenses, false statements, and obstruction of justice. On the third day of the trial, the government called Halbert Warden, an employee of ADC Systems, Inc. ("ADC") to testify regarding his work for Defendant. ADC provided asbestos abatement services for Defendant on part of the Standard Coosa Thatcher site. Although somewhat confused, Mr. Warden appeared to testify on cross-examination that, at the time Defendant contracted with ADC to remove asbestos

from the Standard Cosa Thatcher site, a site survey was not necessarily required before asbestos abatement could commence. Mr. Warden further testified he believed this legal requirement–to have a survey conducted before asbestos abatement begins–changed in 2009. According to Mr. Warden's testimony on cross-examination, although no survey was required before abatement work begins in 2004, such a survey is now required.

In the grand jury excerpt offered by Defendant in the motion currently before the Court, Mr. Warden appeared to testify that a building must be surveyed before asbestos abatement begins. Moreover, the context of Mr. Warden's grand jury testimony suggests he is discussing his understanding at the time ADC performed work for Defendant at the Standard Coosa Thatcher Site in 2004. Admittedly, Mr. Warden's grand jury testimony is not entirely clear on this point, and his grand jury testimony indicates he believes getting a survey done is a requirement for the owner of the building to be abated, and not for the entity providing abatement services.

During Defendant's cross-examination of Mr. Warden at trial, counsel for Defendant read that portion of Mr. Warden's grand jury testimony transcript now being offered as an exhibit (*see* Court File No. 358, ex. 1). When Defendant asked Mr. Warden why he did not tell the grand jury that the requirement to have a site surveyed prior to commencing asbestos abatement changed in 2009, Mr. Warden responded that he was never asked about the change. Mr. Warden admitted he did not tell the grand jury a pre-abatement survey was, as far as he knew, not required in 2004.

Defendant at trial offered as substantive evidence the part of Mr. Warden's grand jury testimony that Defendant read aloud to the jury. The government indicated it wanted clarification of what portions of the grand jury testimony Defendant sought to offer. The Court noted Defendant's offer, but deferred ruling until the parties had the opportunity to brief the issue.

2

### B. Legal Standard

Federal Rule of Evidence 801(d)(1)(A) provides a statement is not hearsay if "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition." A trial judge is accorded wide latitude in determining whether inconsistency exists, *United States v. Matlock*, 109 F.3d 1313, 1319 (8th Cir. 1997), and "[i]t is well established that a witness's 'limited and vague recall of events, equivocation, and claims of memory loss' can constitute prior inconsistent statements under Fed.R.Evid. 801(d)(1)," *United States v. Mayberry*, 540 F.3d 506, 516 (6th Cir. 2008) (internal citation omitted). When a court finds an inconsistency between a witness's prior sworn statement and trial testimony, the prior statement can be admitted as substantive evidence. *United States v. Hadley*, 431 F.3d 484, 511-12 (6th Cir. 2005).

Even when evidence is admitted under Fed.R.Evid. 801(d)(1)(A) as substantive evidence, however, the established practice is for the prior testimony to be read aloud to the jury. *United States v. Smith*, 419 F.3d 521, 528 (6th Cir. 2005) ("Only where 'the court determines that admitting the document as an exhibit is necessary' should the document be admitted, and then only with an appropriate instruction regarding 'the limited purpose of the exhibit.'") (quoting *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 730 n.2 (6th Cir. 1994)). The reading aloud of a witness's prior inconsistent statement–as opposed to submitting a transcript of that statement to the jury–allows the jury to consider that inconsistency as both substantive and impeachment evidence, but does not risk unduly influencing the jury. *See United States v. Walker*, 1 F.3d 423, 430 (6th Cir. 1993) ("The potential for double exposure to selected testimony to improperly influence a jury has long been recognized."). In *Smith*, the Sixth Court faulted the trial court because it "offered no

3

justification for its decision to eschew the established practice of simply reading the transcript of the testimony aloud to the jury . . . , made no finding with regard to whether the admission of the transcript as an exhibit was necessary . . . , nor []explain[ed] its decision to provide the deliberating jury with a copy of the transcript." *Smith*, 419 F.3d at 528.[1]

**II.    ANALYSIS**

Relying on Fed. R. Evid 801(d)(1)(A), Defendant moves to have that portion of Mr. Warden's grand jury testimony Defendant read aloud to the jury during Mr. Warden's cross-examination admitted as substantive evidence and submitted to the jury as an exhibit. The government offers two arguments in response. First, the government contends Defendant has not adequately established an inconsistency between Mr. Warden's grand jury testimony and his trial testimony. Second, and in the alternative, the government requests the Court, if it finds the grand jury testimony admissible as substantive evidence under Rule 801(d)(1)(A), to admit an additional portion of Mr. Warden's grand jury "to avoid misleading the jury" (Court File No. 359, p. 3, n.1). The Court will address these two arguments, before turning to whether the portion of Mr. Warden's grand jury testimony offered by Defendant should be submitted as an exhibit to the jury, an issue neither party has discussed in any detail.

The ship has sailed on the government's first argument. Counsel for Defendant, as well as counsel for Defendant Donald Fillers and counsel for Defendant David Wood, cross examined Mr. Warden extensively regarding survey requirements in connection with asbestos abatement. Mr.

---

[1] Although the Sixth Circuit determined the trial court's failure to explain its decision to provide the jury with grand jury testimony constituted an abuse of discretion, *Smith*, 419 F.3d at 528, it subsequently concluded the trial court's error was harmless, *id.* at 530.

Warden's answers to these questions often proved equivocal and confusing. Mr. Warden also indicated he suffered memory loss or at a minimum difficulties remembering his previous testimony.[2] Taken together, Mr. Warden's equivocation regarding survey requirements at the Standard Coosa Thatcher site and his generalized memory difficulties suffice to satisfy the test for prior inconsistent statements under Fed. R. Evid. 801(d)(1)(A). *Mayberry*, 540 F.3d at 516. Additionally, the portion of grand jury testimony to which the government now objects has already been read aloud to the jury by counsel for Defendant during Mr. Warden's cross-examination–without objection from the government–to demonstrate the inconsistency in Mr. Warden's prior grand jury testimony and his trial testimony. Because prior inconsistent statements are admissible as substantive evidence under Fed. R. Evid. 801(d)(1)(A), *Hadley*, 431 F.3d at 511-12, the portion of grand jury testimony offered by Defendant as a prior inconsistent statement is admissible as substantive evidence. Thus, the Court **GRANTS** Defendant's motion to the extent it seeks admission of this grand jury testimony as substantive evidence.

Before turning to whether the portion of Mr. Warden's grand jury testimony offered by Defendant should properly be submitted to the jury as an exhibit, the Court will quickly dispose of the government's request to supplement the offered grand jury testimony with additional testimony. The government articulates this argument in a single sentence in a footnote at the end of its brief, and provides no rule of evidence or case law in support of its position. Nor is the Court aware of any authority favoring–or indeed permitting–this approach. Accordingly, the Court will not

---

[2] Indeed, when first questioned during cross-examination by counsel for Defendant Fillers about his grand jury testimony, Mr. Warden stated he did not remember ever appearing before the grand jury. After being shown the transcript of his testimony, Mr. Warden stated "Apparently I have [testified in front of the grand jury], if that's what this [grand jury testimony transcript] says."

5

accommodate the government's request to admit the supplemental portion of Mr. Warden's grand jury testimony offered by the government.

The final issue the Court must decide is whether the portion of Mr. Warden's grand jury testimony offered by Defendant should be submitted *as an exhibit* to the jury. Only a single sentence in the three briefs filed in connection with the present motion addresses this issue. In that sentence, Defendant argues it is "proper to admit the relevant portion of the transcript as an exhibit," and cites *United States v. Smith* (Court File No. 358, p.1). *Smith*, however, tells a different story. It makes clear that the established method for submitting prior inconsistent grand jury testimony as substantive evidence for a jury is to read that grand jury testimony aloud. *Smith*, 419 F.3d at 528 (recommending district court admit statements in grand jury transcript through testimony or having the document read to the jury). By contrast, submission of a prior inconsistent statement to the jury as an exhibit requires a finding by the trial court that submission in that form is necessary, and such a ruling should include "justification for its decision to eschew the established practice of simply reading the transcript of the testimony aloud to the jury." *Id.*

Here, Defendant has made no argument that submission of Mr. Warden's grand jury testimony is necessary, and no argument for eschewing the established practice. Indeed, the Court has followed the established practice, as counsel for Defendant has already read aloud to the jury that portion of Mr. Warden's grand jury testimony it now offers. Since the jury has already heard the relevant grand jury testimony, the Court is concerned with avoiding "the potential for double exposure to selected testimony to improperly influence a jury." *Walker*, 1 F.3d at 430. Moreover, the Court concludes submission of that portion of Mr. Warden's grand jury testimony offered by Defendant to the jury *as an exhibit* is not necessary. Accordingly, the Court **DENIES** Defendant's

6

motion to the extent it seeks to have an excerpt of Mr. Warden's grand jury testimony submitted to the jury as an exhibit.

III. **CONCLUSION**

For the reasons discussed above, the Court **GRANTS** Defendant's motion to admit the excerpt of grand jury testimony given by witness Halbert Warden as substantive evidence, but **DENIES** Defendant's motion to the extent it seeks to have that excerpt submitted as an exhibit to the jury (Court File No. 358).

**SO ORDERED.**

**ENTER.**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**